OFFICE OF THE CLERK
***United States District Court***
DISTRICT OF MAINE
www.med.uscourts.gov

WILLIAM S. BROWNELL
CLERK

☒ Edward T. Gignoux Courthouse
156 Federal Street, Rm 102
Portland, Maine 04101
(207)780-3356

☐ Margaret Chase Smith Courthouse
P.O. Box 1007
Bangor, Maine 04402
(207)945-0575

March 29, 2005

U.S. District Court
District of Columbia
333 Constitution Avenue, NW
Washington, D.C. 20001

RE: USA v. ZACHARY JOHN IELSON GIMPE
D/ME MAG. NO. 05-24-C
D/Columbia NO. 05-0159M-01

Dear Sir/Madam:

The above-named defendant having appeared before Magistrate Judge David M. Cohen for a (removal) hearing on March 29, 2005, pursuant to his arrest here in the District of Maine, enclosed please find copies of the following:

1. Certified copy of docket
2. Certified copy of Commitment to Another District
3. Certified copy of Waiver of Rule 5 & 5.1 Hearings executed 3/29/05
4. Certified copy of Waiver of Rule 5 & 5.1 Hearings executed 3/25/05
5. Copy of Gvt Motion for Detention
6. Copy of Synopsis
7. Fax certified copy of Warrant for Arrest
8. Fax certified copy of Criminal Complaint

I expect this defendant to be transported in due course to your District pursuant to the Commitment Order issued March 29, 2005. It is my understanding that he should be presented to a judicial officer in your district for preliminary examination & detention hearing.

Sincerely,

Susan L. Hall
Deputy Clerk

Enc.
Cc: Michael J. Conley, AUSA
Peter J. Cyr, Esq.
U.S. Marshal Service
U.S. Probation Office

RECEIVED

CLOSED

# U.S. District Court
# District of Maine (Portland)
# CRIMINAL DOCKET FOR CASE #: 2:05-mj-00024-DMC-ALL

Case title: USA v. GIMPEL

Date Filed: 03/25/2005

---

Assigned to: MAG. JUDGE DAVID M. COHEN

**Defendant**

**ZACHARY JOHN NIELSON GIMPEL** (1)
*TERMINATED: 03/29/2005*

represented by **PETER J. CYR**
LAW OFFICE OF ANTHONY J. SINENI
701 CONGRESS STREET
PORTLAND, ME 04102
772-9053
Email: peter@sineni.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**

represented by **MICHAEL J. CONLEY**
OFFICE OF THE U.S. ATTORNEY

DISTRICT OF MAINE
P.O. BOX 9718
PORTLAND, ME 04104-5018
207/780-3257
Email: michael.conley@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**HELENE KAZANJIAN**
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF MAINE
P.O. BOX 9718
PORTLAND, ME 04104-5018
(207) 780-3257
Email: helene.kazanjian@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/25/2005 | 1 | Rule 5(c)(3) Documents Received from D/Columbia as to ZACHARY JOHN NIELSON GIMPEL : Warrant for Arrest (Attachments: # 1 Criminal Complaint)(slh, ) (Entered: 03/28/2005) |
| 03/25/2005 | 2 | SYNOPSIS as to ZACHARY JOHN NIELSON GIMPEL (slh, ) (Entered: 03/28/2005) |
| 03/25/2005 | 3 | MOTION for Detention *w/request for 3 day continuance* by USA as to ZACHARY JOHN NIELSON GIMPEL. (slh, ) (Entered: 03/28/2005) |
| 03/25/2005 | | Arrest (Rule 5) of ZACHARY JOHN NIELSON GIMPEL (slh, ) (Entered: 03/28/2005) |
| 03/25/2005 | 5 | Minute Entry for proceedings held before Mag.Judge DAVID M. COHEN : Pre-HearingConference of Counsel held as to ZACHARY JOHN NIELSON GIMPEL (Court Reporter NONE) (slh, ) (Entered: 03/28/2005) |
| 03/25/2005 | 6 | Minute Entry for proceedings held before Mag.Judge DAVID M. COHEN :Initial Appearance held as to ZACHARY JOHN NIELSON GIMPEL, Attorney Appointment Hearing held as to ZACHARY JOHN NIELSON GIMPEL, Rule 5 Hearing held: Defendant advised of rights. Added attorney PETER J. CYR for ZACHARY JOHN NIELSON GIMPEL. Detention Hearing set for 3/29/2005 02:00 PM in Hearing Room, Portland before MAG. JUDGE DAVID M. COHEN. Preliminary Examination set for 3/29/2005 02:00 PM in Hearing Room, Portland before MAG. JUDGE DAVID M. COHEN. Dft remanded to custody of USMS.(Court Reporter FTR) (slh, ) (Entered: 03/28/2005) |
| 03/25/2005 | 7 | WAIVER of Rule 5 Hearings by ZACHARY JOHN NIELSON GIMPEL (slh, ) (Entered: 03/28/2005) |
| 03/25/2005 | 8 | ORDER OF TEMPORARY DETENTION as to ZACHARY JOHN |

| | | |
|---|---|---|
| | | NIELSON GIMPEL By Mag.Judge DAVID M. COHEN. Detention Hearing set for 3/29/2005 02:00 PM in Hearing Room, Portland before MAG. JUDGE DAVID M. COHEN. Preliminary Examination set for 3/29/2005 02:00 PM in Hearing Room, Portland before MAG. JUDGE DAVID M. COHEN. (slh, ) (Entered: 03/28/2005) |
| 03/29/2005 | 9 | Minute Entry for proceedings held before Mag.Judge DAVID M. COHEN : FurtherRule 5 Hearing held as to ZACHARY JOHN NIELSON GIMPEL. Preliminary Examination requested in prosecuting district & dft committed to custody of USMS for transport to D/Columbia. (Court Reporter FTR) (slh, ) (Entered: 03/29/2005) |
| 03/29/2005 | 10 | WAIVER of Rule 5 Hearings by ZACHARY JOHN NIELSON GIMPEL (slh, ) (Entered: 03/29/2005) |
| 03/29/2005 | 11 | COMMITMENT TO ANOTHER DISTRICT as to ZACHARY JOHN NIELSON GIMPEL. Defendant committed to District of Columbia By Mag.Judge DAVID M. COHEN. (slh, ) (Entered: 03/29/2005) |
| 03/29/2005 | 12 | Rule 5 Transfer Out as to ZACHARY JOHN NIELSON GIMPEL to D/Columbia (slh, ) (Entered: 03/29/2005) |

ATTESTED COPY
I hereby attest and certify that this is a printed copy of a document ~~which was electronically filed~~ with the United States District Court for the District of Maine.
Date filed ______
WILLIAM S. BROWNELL, CLERK
By: [signature]
Dated: 3/29/05

AO 94 (Rev. 12/03) Commitment to Another District

# UNITED STATES DISTRICT COURT

District of MAINE

U. S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED
MAR 29 2005
WILLIAM S. BROWNELL, CLERK
DEPUTY CLERK

UNITED STATES OF AMERICA
V.
ZACHARY JOHN NIELSON GIMPEL

**COMMITMENT TO ANOTHER DISTRICT**

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | | 05m24c | 05-0159M-01 |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

☐ Indictment ☐ Information ☒ Complaint ☐ Other (specify)

**charging a violation of** Title 18, USC, **2252(a)**

**DISTRICT OF OFFENSE** District of Columbia

**DESCRIPTION OF CHARGES:**

Sexual exploitation of a minor

**CURRENT BOND STATUS:**

☐ Bail fixed at and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
☒ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

ATTESTED COPY
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Maine.
Date filed 3/29/05
WILLIAM S. BROWNELL, CLERK
By: [signature]
Dated: 3/29/05

**Representation:** ☐ Retained Own Counsel ☐ Federal Defender Organization ☒ CJA Attorney ☐ None

**Interpreter Required?** ☒ No ☐ Yes Language:

**DISTRICT OF** MAINE

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

3/29/05
Date

David M. Cohen
U.S. Magistrate Judge

**RETURN**

**This commitment was received and executed as follows:**

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

2005 MAR 25 P 3:51

BY
DEPUTY CLERK

UNITED STATES OF AMERICA, )
)
)
v. ) Case No. 05m24c
)
ZACHARY JOHN NIELSON GIMPEL )

## MOTION FOR DETENTION

The United States moves for pretrial detention of the defendant, pursuant to 18 U.S.C. §3142.

1. Eligibility of Case. This case is eligible for a detention order because the case involves:

____ Conditions requiring a temporary detention order (18 U.S.C. §3142(d))

_X_ Crime of violence[1]

____ Maximum sentence life imprisonment or death

____ 10+ year drug offense

____ Felony, with two prior convictions in above categories

____ Serious risk defendant will flee

____ Serious risk obstruction of justice

2. Reasons for Detention.

Other than Temporary Detention. The Court should detain the defendant because there are no conditions of release which will reasonably assure:

_X_ Defendant's appearance as required

_X_ Safety of any other person and the community

---

[1] See 18 U.S.C. § 3156(a)(4)(C) (felony under Chapter 110).

3. Rebuttable Presumption. The United States will invoke the rebuttable presumption against the defendant under 18 U.S.C. § 3142(e).

4. Date of Detention Hearing. The United States requests the Court to conduct the detention hearing after a continuance of 3 days.

5. Length of Detention Hearing. The United States estimates that it will require 1/2 hour to present its case for detention.

Dated at Portland, Maine this 25th day of March 2005.

Michael J. Conley
Assistant United States Attorney

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED
2005 MAR 25 P 3:51
BY______
DEPUTY CLERK

**SYNOPSIS**
As of March 25, 2005 for Complaint

**Name:** Zachary John Nielson Gimpel

**Address:** Detained

**Year of Birth:** 1982 **Age:** 23

**Violation:** 18 U.S.C. § 2252(a)
Transportation and shipment in interstate commerce by computer the visual depiction and use of a minor engaging in sexually explicit conduct.

**Penalty:** Imprisonment of not less than five years and not more than twenty years; Fine not to exceed two hundred fifty thousand dollars ($250,000); or both. 18 U.S.C. § 2252(b)(1).

**Supervised Release:**
Not more than three years. 18 U.S.C. § 3583(b)(2).

**Maximum Term of Imprisonment for Violation of Supervised Release:**
Not more than two years. 18 U.S.C. § 3583(e)(3).

**Maximum Additional Term of Supervised Release for Violation of Supervised Release:**
Three years less any term of imprisonment imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Defendant's Attorney:**

**Detention Status:** Detained

**Foreign National:** No

**Consular Notification Provided:** N/A

**County:** Cumberland

**AUSA:** Michael J. Conley

**Guidelines:** Apply

**Corporate Victims Owed Restitution:** N/A

**Felony Assessments:** $100

**Related Cases:**     None

**Caption of Any Related Search Warrants:**     None

AO 466A (Rev. 10/03) Waiver of Rule 5 & 5.1 Hearings

# UNITED STATES DISTRICT COURT

U. S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED
MAR 29 2005
WILLIAM S. BROWNELL, CLERK
BY:
DEPUTY CLERK

## DISTRICT OF MAINE

UNITED STATES OF AMERICA

V.

ZACHARY JOHN NIELSON GIMPEL
Defendant

**WAIVER OF RULE 5 & 5.1 HEARINGS**
(Complaint/Indictment)

CASE NUMBER: 05m24c

CHARGING DISTRICTS CASE NUMBER: 05-0159M-01

I understand that charges are pending in the -- District of Columbia alleging violation of Title 18, U.S.C., Section 2252(a) (Title and Section) and that I have been arrested in this district and taken before a judge, who has informed me of the charge(s) and my rights to:

**(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;**

**(2) an identity hearing to determine whether I am the person named in the charges;**

**(1) a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and**

**(4) Request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.**

**I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):**

**( ☐ ) identity hearing**

**( ☐ ) preliminary hearing**

**( ☒ ) identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.**

[signature]
*Defendant*

3/29/05
*Date*

[signature]
*Defense Counsel*

ATTESTED COPY
I hereby attest and certify that this is a printed copy of a document which was ~~electronically~~ filed with the United States District Court for the District of Maine.
Date filed: 3/29/05
WILLIAM S. BROWNELL, CLERK
By: [signature]
Dated: 3/29/05

AO 466A (Rev. 10/03) Waiver of Rule 5 & 5.1 Hearings

# UNITED STATES DISTRICT COURT

U. S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED
MAR 25 2005
WILLIAM S. BROWNELL, CLERK
BY:
DEPUTY CLERK

## DISTRICT OF MAINE

UNITED STATES OF AMERICA

V.

ZACHARY JOHN NIELSON GIMPEL
Defendant

**WAIVER OF RULE 5 & 5.1 HEARINGS**
(Complaint/Indictment)

CASE NUMBER: 05m24c

CHARGING DISTRICTS CASE NUMBER: 05-0159M-01

I understand that charges are pending in the -- District of Columbia alleging violation of Title 18, U.S.C., Section 2252(a) (Title and Section) and that I have been arrested in this district and taken before a judge, who has informed me of the charge(s) and my rights to:

**(1)** **retain counsel or request the assignment of counsel if I am unable to retain counsel;**

**(2)** **an identity hearing to determine whether I am the person named in the charges;**

**(1)** **a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and**

**(4)** **Request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.**

**I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):**

( ☒ ) **identity hearing**

( ☐ ) **preliminary hearing**

( ☐ ) **identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.**

*Defendant*

3-25-05
*Date*

*Defense Counsel*

A TRUE COPY
ATTEST: William S. Brownell, Clerk
By ________ Deputy Clerk

RECEIVED

7

AO442(Rev. 12/85) Warrant for Arrest

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

ZACHARY JOHN NIELSON GIMPEL

**WARRANT FOR ARREST**

CASE NUMBER 05-0159M-01

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Zachary John Nielson Gimpel
Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment ☐ Information ☒ Complaint ☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense)

Sexual Exploitation of a minor

in violation of Title 18 United States Code, Section(s) 2252(a).

JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE
Name of Issuing Officer

JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE
Title of Issuing Officer

[signature]
Signature of Issuing Officer

MAR 24 2005 District of Columbia
Date and Location

Bail fixed at $ ____________ by ____________
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By [signature]
Deputy Clerk

AO442(Rev. 12/85)Warrant for Arrest

THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:

DEFENDANT'S NAME: Zachary John Nielson Gimpel

ALIAS:

LAST KNOWN RESIDENCE:

LAST KNOWN EMPLOYMENT:

PLACE OF BIRTH:

DATE OF BIRTH: 01/19/1982

SOCIAL SECURITY NUMBER:

HEIGHT: 5'10 WEIGHT: 200

SEX: Male RACE: White

HAIR: EYES:

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS:

FBI NUMBER:

COMPLETE DESCRIPTION OF AUTO:

INVESTIGATIVE AGENCY AND ADDRESS: United States Secret Service (USSS), Washington Field Office

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court
## For The District of Columbia

UNITED STATES OF AMERICA

V.

ZACHARY JOHN NIELSON GIMPEL

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 05-0159M-01

FILED
MAR 24 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 30, 2004 in Washington, D.C. county, in the ______ District of Columbia defendant(s) did, (Track Statutory Language of Offense)

Knowingly Transporting and Shipping in Interstate Commerce by Computer The Visual Depiction and use of a Minor Engaging in Sexually Explicit conduct.

in violation of Title 18 United States Code, Section(s) 2252(a).

I further state that I am Craig Fraser, Special Agent with the United States Secret Service (USSS), Washington Field Office, and that this complaint is based on the following facts:

**See Attached Affidavit**

For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By [signature]
Deputy Clerk

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

[signature]
AUSA, Heidi Pasichow (202) 514-7533
Sworn to before me and subscribed in my presence,

[signature]
Signature of Complainant
Craig Fraser, Special Agent
United States Secret Service (USSS)
Washington Field Office

MAR 24 2005
Date

at Washington, D.C.
City and State

JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

[signature]
Signature of Judicial Officer

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

ZACHARY JOHN NIELSON GIMPEL

1. I am a Special Agent of the United States Secret Service (USSS), Washington Field Office, and have been employed as such since November of 2001. I have received training related to a variety of federal crimes including violations of Title 18, United States Code, Section 2252 (Sexual Exploitation and Other Abuse of Children) and other criminal offenses. I have also received extensive training in computer network intrusion, and conducting on-line investigations. Prior to my employment with the USSS, I was employed as a Virginia State Trooper for a period of one year, and was an intelligence analyst in the U.S. Army for over nine years specializing in international drug smuggling and middle-eastern terrorism. I am currently assigned to the Regional Intelligence Center (RIC). The RIC is a multi-agency task force that focuses on the investigation of terrorism. Prior to this assignment with the RIC, I was assigned to the Electronic Crimes Task Force (ECTF) where my primary responsibilities were to investigate hacking, network intrusion, and child pornography.

2. As part of the ECTF's investigations of individuals trading child pornography over the internet, I logged onto Internet Relay Chat (IRC) on April 30, 2004 using the USSS undercover computer lab in the District of Columbia; seeking individuals advertising and trading child pornography. I discovered that suspected child pornography was offered for trade through an IRC chatroom named "#100%preteengirlsexpics." I had entered the chatroom using an undercover identity and found that an individual with the screen name "Queman" was present in the chatroom and engaged in the trading of suspected child-pornography. Once I logged into the chatroom, a message appeared from suspect "Queman" that stated he had an active FSERVE that could be activated by typing the command "!Queman" into the command line.

3. Internet Relay Chat (IRC) is a protocol used over the internet to allow participants to chat online in a live forum related to a common interest. IRC is generally regarded as the earliest form of online chatting. F-Serves are programs that operate over an IRC network and automate the process of trading and sharing files. F-Serve programs allow for the dissemination of any given file on an

individual's computer while maintaining strict rules for how and when these files can be obtained. For example, an F-Serve can require that users upload a certain amount of files before any files can be downloaded. Additionally, F-Serves can be set to automatically run advertisements at regular intervals in a particular IRC channel to notify other users that the F-Serve exists and what types of files it is looking to trade.

4. Based on my training and experience, and in consultation with computer forensic specialists, I have learned that F-Serve operators trading child pornography often have long standing patterns of behaviors as it relates to the collection and compilation of these images and movie files. F-Serve operators are known to accumulate hundreds of thousands of child pornography images and/or movies and spend large amounts of time caring for and sorting through their collections. Because of the highly technical nature of operating F-Servers, these individuals are generally well versed in computer technologies and are adept at using this technology to trade child pornography over long periods of time.

5. Upon receiving the message from "Queman," I immediately entered suspect "Queman's" F-SERVE by typing the advertised code word of "!Queman." The F-SERVE was designed to allow a person to directly download images of suspected child pornography from "Queman's" computer. Once in the F SERVE, suspect "Queman" required that I read the rules he had enacted for his FSERVE before conducting any trading of suspected child pornography. Suspect "Queman" had several rules for his FSERVE, one of which stated that members of law enforcement must leave the FSERVE immediately without accessing his images. Another rule was that he gave "extra credit" if one were to trade him images of a series of pictures of girls under the age of 17, and "extra credit" for girls under the age of 17 that posted personal pictures of themselves.

6. Through the use of this FSERVE I was able to download two (2) images of suspected child pornography directly from his computer to my hard drive located in the USSS undercover lab located in the District of Columbia. I captured the Internet Protocol (IP) address, 137.146.110.22, of the individual's computer from which I downloaded the

images. I traced the IP address to an account with Colby College in Waterville, Maine.

7. On May 17, 2004, I provided the two images to Jennifer Lee of the National Center for Missing and Exploited Children (NCMEC) for analysis. Jennifer Lee is the supervisor of the Child Victim Identification Project (CVIP) for NCMEC. Ms. Lee evaluated the two images and determined one of the images was an image of a confirmed child victim from a case known as "Missy." Ms. Lee created a report, ID#5888, detailing the file name and the associated case.

8. On May 21, 2004, I received information that revealed that the individual utilizing the IP address 137.146.110.22 did so from a remote dial-up account given to a Colby College employee in Waterville, Maine. A Colby College representative advised that the subscriber was logged in to the school's server through a work account and was present at work at the same time that the subscribers' remote access account was being used. The Colby College representative further advised that the subscriber's remote account was being used by her home phone number.

9. On May 27, 2004, U.S. Magistrate Judge Margaret J. Kravchuck issued a search warrant for the subscriber's residence in Waterville, Maine. On this same date, agents of the United States Secret Service, Portland Resident Office executed the search warrant at the home of the subscriber and seized one (1) Dell computer, one (1) Compaq computer, and several magnetic media storage devices.

10. On June 4, 2004, I spoke with the subscriber about this case over the phone. The subscriber stated that her adult son, **Zachary John Nielson Gimpel**, visits her home often, has access to her computer, may know her password, and was home for a visit on April 30, 2004.

11. On August 4, 2004, a computer forensic exam was completed on the computers seized during the search warrant executed at the subscriber's residence. Several hundred images of suspected child pornography were recovered by USSS Electronic Crimes Special Agent Program (ECSAP) agents of the Washington Field Office. On that same date I provided a CD-Rom with all images of suspected child pornography downloaded from the subscriber's computer to the NCMEC for review. Christine Feller, a senior examiner of the CVIP, examined the images and was able to identify forty-two (42)

of the images-as confirmed child-victims from several cases of child sexual exploitation. Ms. Feller created a report, ID#6334 detailing the file names of the pictures and their associated cases. A detailed description of several of the images follows:

A. From the "Blue Shirt Girl" series. This picture is of a pre-pubescent girl lying on her back on a bed. A boy of undetermined age is straddling her chest. The female child is performing oral sex on the male child.

B. From the "Blue Shirt Girl" series. This picture is of two male children of undetermined age and a pre-pubescent girl. In the picture, one of the male children is laying on his back on a bed. The female child is straddling him while he penetrates her vaginally with his penis. The second male child is standing in front of the female child while she performs oral sex on him.

C. From the "Barbara" series. This picture is a close-up shot of a female child about six years old performing oral sex on an adult male. In the picture only the face of the female child and the genitals of

the adult male can be seen.

D. From the "Chelsea" series. In this image a pre-pubescent child is seen lying on her back with her legs spread and her genitals clearly visible.

E. From the "Golden Angel" series. In this picture a male child of undetermined age is laying on his back on a bed. A pre-pubescent female is kneeling next to him and performing manual masturbation on him.

F. From the "Golden Angel" series. In this image a male of undetermined age is kneeling on a bed. A pre-pubescent female child is kneeling on the bed and performing manual masturbation on him.

G. From the "Hayley" series. This picture is of a pre-pubescent female child. She is seen with her pants pulled down, bent over, and clearly exposing her genitals.

H. From the "Helen" series. This picture is of a pre-pubescent girl under the age of eight (8) years, performing oral sex on an adult male. In the picture the face and arms of the female child and the penis of the adult male are clearly visible.

I. From the "Helen" series. In this picture, an

adult male is standing in front of a pre-pubescent female child of less than eight (8) years of age. The female child is seen wearing a white tank-top, is naked from the waist down, and is performing oral sex on the adult male.

J. From the "Helen" series. In this picture a pre-pubescent female child of less than eight (8) years is seen lying on her back on a bed. Her genitals are clearly visible. An adult male is penetrating her anally with his penis.

K. From the "Jennette" series. In this picture a pre-pubescent female is lying on her back. She is bound to a kitchen table with what appears to be bungee cords. Her legs are tied so that they are spread apart clearly exposing her genitals.

L. From the "KDV" series. This image is a collage of three pictures. In two of the three pictures a pre-pubescent male child is laying on his back on a bed another pre-pubescent male child kneels over him and allows the male child lying on the bed to perform oral sex on him.

M. From the "Linda" series: In this image one

pre-pubescent female is seen on her knees and bent over on a bed, clearly exposing her genitals. A second pre-pubescent female child is kneeling on the bed next to her with her legs spread, exposing her genitals.

N. From the "Linda" series. In this picture a pre-pubescent female child is seen naked and sitting on the edge of the bed. Her genitals are clearly visible as she urinates directly onto the mattress.

O. From the "Sabban" series. In this picture a pre-pubescent female child is seen naked and lying back on a bed. An adult male is on top of her and penetrating her vaginally with his penis.

P. From the "Sabban" series. In this picture a pre-pubescent girl is seen lying on her back on a bed as a male child kneels in front of her and penetrates her vaginally with his penis. A second male child is lying on the bed behind the two.

Q. From the "Sabban" series. This image shows a pre-pubescent female child lying on her back on a couch. In the picture she is naked and exposing her genitals. In the image an adult female is performing oral sex on the female child.

R. From the "Sabban" series. In this image a pre-pubescent female is seen lying on her back. A male child is sitting on the bed bent over and performing oral sex on the female child. A second female child is also on the bed.

S. From the "Sucky" series. In this image a pre-pubescent child's face is seen in front of the penis of an adult male. In the picture the adult male is ejaculating into the mouth and onto the face of the female child.

T. From the "Sabban" series. In this image a pre-pubescent female child is seen naked and lying on her back on a bed with her legs pulled up in the air. An adult male is penetrating her vaginally with his penis.

U. From the "Sabban" series. In this image a pre-pubescent child is seen naked and bent over and supporting herself on all fours on a bed. An adult male is kneeling behind her as he ejaculates onto her buttocks and back.

V. From the "Chelsea" series. In this image a pre-pubescent child is seen lying on her back with her legs spread and in the air, clearly exposing her

genitals.

12. On January 18, 2005, the subscriber stated that after the search warrant was executed at her home, her son **Zachary John Nielson Gimpel** apologized to her that he got her in trouble, admitted to her that he had been on the site, and that he desired to seek counseling but was concerned that he would be reported by a counselor if it was determined that someone was in "imminent danger." The subscriber further stated that Gimpel's girlfriend had begun to monitor and control his computer usage over concerns of his access to pornography. Gimpel's girlfriend confirmed that she had established a password that Gimpel did not know so that he had to ask her to log him onto the computer when he wanted to use it. She set up the confidential password so that she could monitor his computer use. His girlfriend stated that she monitored his computer use for approximately one year between 2002 and 2003 after she had told him on three prior occasions that she discovered that he had accessed "pornographic" web sites.

13. Based on the above information, I respectfully request a criminal complaint and arrest warrant be issued charging **Zachary John Nielson Gimpel** with Knowingly

05-0159M-01

Transporting and Shipping in Interstate Commerce by Computer

The Visual Depiction and Use of a Minor Engaging in Sexually

Explicit Conduct in violation of 18 U.S.C. §2252(a)(1).

Craig N. Fraser
Special Agent, United States Secret Service
Washington Field Office

MAR 24 2005

Subscribed and sworn to me this____day of March 2005.

United States Magistrate Judge

JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE

RECEIVED
APR 04 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT