IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 05-00258 (EGS) |
| | : | |
| v. | : | |
| | : | |
| ZACHARY JOHN NIELSON GIMPEL | : | |
| | : | |
| Defendant. | : | |

**NOTICE OF DEFENDANT'S INTENTION TO PLEA TO INFORMATION**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby notifies the Court that the defendant, through his counsel, has informed the United States that he intends to plea to the one-count information at the hearing scheduled for August 5, 2005.  The United States provides the Court with the following information for purposes of conducting the plea colloquy and has enclosed herewith the United States' plea proffer.

The United States filed the information on July 11, 2005, charging the defendant with one count of violating Title 8, United States Code, Section 2252(a)(1) (Knowingly Transporting in Interstate Commerce a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct).

**Transporting a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct in Interstate Commerce**

Pursuant to 18 U.S.C. § 2252(a)(1)and (b)(1), this offense is punishable by a mandatory minimum of five years imprisonment and not more than twenty years imprisonment. Under 18 U.S.C. § 3571(b)(3), it is also punishable by a fine of up to $250,000.  This offense qualifies for supervised release for any term of years or for lifetime supervised release under 18 U.S.C. §

3583(k). In addition, the defendant may be required to pay a special assessment of $100 under United States Sentencing Guideline Section 5E1.3(2)(A). See also 18 U.S.C. § 3013. Pursuant to Section 5E1.2 of the United States Sentencing Guidelines, the Court may also impose a fine sufficient to pay the federal government the costs of any imprisonment.

The elements of the offense for Transportation in Interstate Commerce of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct are:

> (1) that the defendant knowingly transported a visual depiction in interstate commerce by any means, including a computer;
>
> (2) that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;
>
> (3) that such visual depiction was of a minor engaged in sexually explicit conduct;
>
> (4) that the defendant knew that such visual depiction was of sexually explicit conduct; and
>
> (5) the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

See Model Criminal Jury Instructions for the Ninth Circuit, § 8.153 (West 2000); see also Pattern Criminal Jury Instructions for the Eleventh Circuit, § 65.1 (West 1997).

The United States estimates that under the Sentencing Guidelines Section 2G2.2, the defendant's base offense level, prior to any adjustment for acceptance of responsibility, would be 28, and the parties proposed agreed upon sentence within the Guideline range is 62 months.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney for the District of Columbia

_____
HEIDI M. PASICHOW
Assistant U.S. Attorney
D.C. Bar # 370-686
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Heidi.Pasichow@usdoj.gov

Sara L. Gottovi
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
1400 New York Avenuue, N.W.
Washington, D.C. 20530

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing document has been faxed and mailed, postage prepaid to counsel for defendant, Lara Quint, Assistant United States Public Defender, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, on this 4th day of March, 2005.

_____
HEIDI M. PASICHOW
Assistant United States Attorney