

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

July 13, 2005

FILED

AUG 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Lara Quint, Esquire
Federal Public Defender Service
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

Re: United States v. Zachary Jon Gimpel
Magistrate Case No. 05-0159M-01 05-258-EGS

Dear Ms. Quint:

This letter sets forth the plea agreement this Office is willing to enter into with your client, Zachary Jon Gimpel. The offer expires on **July 18, 2005**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document this letter, incorporating the factual proffer, will become the plea agreement. The terms of the agreement are as follows:

1. **Charges.** Your client agrees to admit guilt and enter a plea of guilty to a one count criminal information , to be filed in the United States District Court for the District of Columbia, a copy of which is attached, in which your client is charged with Sexual Exploitation of Minors Through The Knowing Transportation of Visual Depictions of Sexually Explicit Conduct Using Minors in Interstate Commerce by Means of a Computer (in violation of 18 U.S.C.§ 2252(a)(1).

2. **Potential penalties, assessments, and restitution.** Your client understands that pursuant to 18 U.S.C. § 2252(b)(1), the federal charge carries a mandatory minimum sentence of 5 years and a maximum penalty of 20 years imprisonment, a maximum fine of $ 250,000 under 18 U.S.C. § 3571(3), and a maximum period of supervised release of up to life under 18 U.S.C. § 3583(k). In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. See also 18 U.S.C. § 3013. Your client further understands that he shall register as a sexual offender as a mandatory condition of supervised release for a ***minimum*** period of 10 years upon his release from incarceration in any and every state where he resides, is employed, carries on a vocation or is a student. Your client further understands that the sentence in this case will be determined by the Court and the Judge,

although bound to impose the mandatory minimum term of imprisonment associated with the federal violation to which your client will plead, will not be bound by the parties agreement or sentencing calculations.

3. **Release/Detention pending sentencing.** Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

4. **Lifetime Supervised Release.** Your client understands that the Court could order the defendant to serve a term of supervised release for the remainder of his life pursuant to 18 U.S.C. § 3583(k).

Your client further agrees that he will not oppose the recommendation of the United States to the Court that the Court impose the following special conditions of supervised release:

A. The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

B. **Treatment.** The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

C. **No Contact With Children.** The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the U.S. Probation Officer. In determining whether to approve such contacts involving members of the defendant's family, the Probation Officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

D. **Sex Offender Registration.** The defendant shall register pursuant to 18 U.S.C. §§ 3563 and 3583 as a sex offender as a condition of his supervised release for a *minimum* of ten years upon his release from incarceration. Specifically, your client must report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision and he must register in the District of Columbia with the Court Services and Offender Supervision Agency for the District of Columbia and in any State where he resides, is employed, carries on a vocation, or is a student. Additionally, your client agrees that as a term of this agreement, and as a specific term of probation or supervised release, he will register a current address, fingerprints and a current photograph with the Federal Bureau of Investigation and the Metropolitan Police Department of the District of Columbia for inclusion in its national sexual offender database. He further agrees that he will notify the Federal Bureau of Investigation, the

Metropolitan Police Department and the State in which he establishes a new residence, not later than 10 days after he establishes a new residence, of the change, and will register a current address, fingerprints and photograph with the Federal Bureau of Investigation, the Metropolitan Police Department and the State.

HMP/ LQ

5A ~~E~~. **Consent to Searches.** The defendant shall submit to the seizure and search, by law enforcement authorities, of all of the property that had been in the possession of any of his family members, including but not limited to his mother, or in his car during his arrest, including all computer equipment, video tapes, computer storage media, printers, monitors, photographs, books, and computer files that was used or intended to be used in the distribution, receipt, or possession of child pornography. Your client further agrees to facilitate the seizure and search if another person is currently in possession or knows of the location of such property.

F. **DNA sample.** The defendant shall provide a DNA sample as directed by the probation officer.

G. **Consent to Computer Monitoring.** The defendant shall consent, at the direction of the United States Probation Officer, to having installed on his computer(s), any hardware or software systems to monitor his computer use. Monitoring will occur on a random and/or regular basis. The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s).

5. **No Profit From His Crimes.** Your client agrees to turn over to the United States any and all revenue he receives which is derived from publication or production of any account of the events, facts or circumstances giving rise to this prosecution, unless any such revenues are subject to a court order for payment of damages to any victims of these crimes.

6. **Additional charges.** If your client fulfills all obligations under this plea agreement, at the time of sentencing in this matter, the United States agrees not to charge your client with further offenses relating to his criminal activities described in the Statement of Offenses attached hereto.

7. **Waiver of constitutional and statutory rights.** Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by the grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial,

your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

Your client also understands that as part of the entry of this guilty plea, your client specifically waives any rights to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum of 20 years. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, the defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the United States in this agreement. Further, the defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

8. **Agreed Sentence.** In addition to the preceding paragraphs contained in this plea letter, your client and this Office agree that pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, a specific sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines (U.S.S.G.) shall be a reasonable sentence for your client in this case. If the Court accepts your client's guilty plea under this arrangement, your client shall be sentenced to a period of 62 months. The parties agree that the sentence to be imposed is as follows: The mandatory minimum period of incarceration for the offense to which he is pleading is 5 years. The base level for the offense to which the defendant will plead guilty is 17 pursuant to U.S.S.G.§ 2G2.2(a)(1); and the relevant adjustments, § 2G2.2(b) are: a 2 level increase (prepubescent minor (b)(2)); a 5 level increase (a thing of value but not pecuniary gain (b)(3)(B)); a 2 level increase (use of a computer (b)(6)); a 2 level increase (10 or more images (b)(7))[1]. The parties therefore agree that the corresponding offense level articulated in the Guidelines totals 28. The parties further agree that the defendant's Criminal History Category is a I.

---

[1]The U.S.S.G. calculations are based upon the 2003 edition of the U.S.S.G. The base level for the offense to which the defendant is pleading increased from 17 to 22 in November, 2004.

If your client defendant accepts this plea offer by ~~July 18~~ August 16, **2005**, and complies with all conditions of this Agreement, continues to accept responsibility for his criminal conduct, and commits no other criminal acts, then the United States will file a motion pursuant to § 3E1.1(b) of the Sentencing Guidelines and not oppose a three level reduction in the defendant's offense level for his acceptance of responsibility pursuant to § 3E1.1 for a final adjusted offense level of 25. If those conditions are satisfied, then the United States and your client agree that pursuant to Federal Criminal Rule 11(c)(1)(C) he should be sentenced to a period of incarceration of 62 months which is a reasonable sentence and within the Guideline range applicable to your client based upon the Offense level 25 and the appropriate Criminal History Category I. The parties agree that if the Court does not accept this proposed plea agreement, the government may withdraw this plea offer and your client will be afforded the rights provided in the Federal Rules of Criminal Procedure 11(c)(5). In that event, your client agrees that plea negotiations tolled the Speedy Trial Act as of the date of the filing of the information.

9. **Forfeiture**. Your client consents to forfeiture to the United States pursuant to 18 U.S.C. § 2253 of his interest in all personal property seized from 42 Winter Street, Waterville, Maine during the search of that property on or about May 27, 2004, including all computer equipment, video tapes, computer storage media, printers, monitors, photographs, books, and computer files, and acknowledges that all of the seized property was used or intended to be used in the distribution, receipt, or possession of child pornography. He further agrees to forfeiture to the United States pursuant to 18 U.S.C.§ 2253 all computer equipment, video tapes, computer storage media, printers, monitors, photographs, books, and computer files that was used in the distribution, receipt, or possession of child pornography. or computers, computer associated storage media and telephone in the possession of his family and obtained by seizure pursuant to paragraph 4E of this plea letter if contraband is found therein. He further agrees not to contest any forfeiture action brought against said personal property or raise any affirmative defenses to any forfeiture actions brought by the United States or other law enforcement agency, whether the action is administrative or judicial, civil or criminal. He further agrees to take whatever steps necessary to pass clear ownership to the United States of such personal property, including, but not limited to, signing documents necessary to transfer ownership.

10. **Reservation of allocution.** Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case. In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing

issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn.

Any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

11. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; the Immigration and Naturalization Service of the Department of Justice; or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

12. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement and of the attachments, and return the executed plea agreement to us. The original of this plea agreement will be filed with the Court.

Sincerely,

Kenneth L. Wainstein/dt

KENNETH L. WAINSTEIN
United States Attorney for
the District of Columbia

Heidi M. Pasichow
Assistant United States Attorney
D.C. Bar # 370686
United States Attorney's Office
555 4th Street, N.W. Room 11-445
Washington, D.C. 20530
202-514-7533

Sara Gottovi (HMP)

Sara Gottovi, Esquire
Trial Attorney
Child Exploitation and Obscenity Section, Criminal Division
Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 305-4133

Defendant's Acceptance

I have read or have had read to me this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty of the crime of knowing transportation of visual depictions of sexually explicit conduct using minors, in interstate commerce by means of a computer in violation of 18 U.S.C.§2252(a)(1) because I am guilty of that crime.

8/5/05
Date

Defendant Zachary Jon Gimpel

Attorney's Acceptance

I am the defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the office representing of the United States Attorneys for the District of Columbia.

8/5/05
Date

Lara Quint
Counsel for Defendant