IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. : 05-258-01 (EGS) |
| : | |
| v.         : | JUDGE EMMET G. SULLIVAN |
| : | |
| ZACHARY JOHN NIELSON GIMPEL, : | SENTENCING: NOVEMBER 18, 2005 |
| : | |
| Defendant.    : | |
| : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing proceeding. Mr. Gimpel signed and the Court conditionally accepted a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The plea agreement contemplated that the appropriate sentence in this case would be a period of incarceration of 62 months followed by supervised release for the duration of defendant's life with very specific conditions.

Background Information on the 62-Month Sentence

On August 16, 2005, Mr. Gimpel pled guilty to a one-count criminal Information charging him with Sexual Exploitation of Minors Through the Knowing Transportation of Visual Depictions of Sexually Explicit Conduct Using Minors in Interstate Commerce by Means of a Computer in violation of 18 U.S.C. § 2252(a)(1). As stated in the factual proffer, Mr. Gimpel's criminal conduct occurred on April 30, 2004. On that date, Mr. Gimpel was running a file server on an internet relay chat channel "100%preteengirlsexpics" and an undercover Secret Service Special Agent in Washington, D.C. was able to download two child pornography images from that file server, one of which was subsequently identified as a known child victim of previous sexual abuse. The file server

was traced back to Mr. Gimpel. After he was identified, a search warrant was executed and Mr. Gimpel's computers were seized. A computer forensic examination revealed several hundred suspected images of child pornography on Mr. Gimpel's computer. A review of these images by the National Center for Missing and Exploited Children revealed that 42 of the images depicted previously identified, known child victims of sexual abuse.

### Period of Supervised Release

The United States recommends that the court order supervised release for the duration of Mr. Gimpel's life, which is authorized under 18 U.S.C. § 3583(k) for 18 U.S.C. § 2252 crimes.

### Special Conditions of Supervised Release

In addition to the Court's standard conditions, Mr. Gimpel has agreed to the imposition of several additional Special Conditions of Supervised Release articulated in paragraphs 4 A-4G of the plea agreement as follows :

(1) Pornography. The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

(2) Treatment. The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider as approved by the probation officer.

(3) No Contact With Children. The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the U.S. Probation Officer. In determining whether to approve such contacts involving members of the

defendant's family, the Probation Officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

(4) Sex Offender Registration. The defendant shall register pursuant to 18 U.S.C. §§ 3563 and 3583 as a sex offender as a condition of his supervised release for a *minimum* of ten years upon his release from incarceration. Specifically, the defendant must report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision and he must register in the District of Columbia with the Court Services and Offender Supervision Agency for the District of Columbia and in any State where he resides, is employed, carries on a vocation, or is a student. Additionally, the defendant must register a current address, fingerprints and a current photography with the FBI and the Metropolitan Police Department of the District of Columbia for its inclusion in the national sex offender database. Further, he must notify the FBI, the Metropolitan Police Department of the District of Columbia, and the state in which he establishes a new residence, not later than 10 days after he establishes a new residence, of the change and will register a current address, fingerprints and photograph with the FBI, Metropolitan Police Department and the new state of residence.

(5) DNA Sample. The defendant shall provide a DNA sample as directed by the probation officer.

(6) Consent to Computer Monitoring. The defendant shall consent, at the direction of the United States Probation Officer, to have installed on his computer(a), any hardware or software systems to monitor his computer use. Monitoring will occur on a random and/or regular basis.

The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s). If contraband is found, the computer will be seized.

### Argument

Title 18, United States Code, Section 2252(a)(1) has a mandatory minimum sentence for first-time offenders of five years (60 months). Application of the Sentencing Guidelines to this case, justifies the additional two months incarceration provided under the plea agreement. Gimpel's sentence is governed by the 2003 Guidelines Manual, as the substantial increases included in the 2004 Manual came into effect after Mr. Gimpel's crime and cannot be retroactively applied. See Miller v. Florida, 483 U.S. 423 (1987).

A 62 month period of incarceration is at the midpoint of the range set by the U.S. Sentencing Guidelines. The applicable Sentencing Guideline is 18 U.S.C. § 2G2.2., which sets the base offense level at 17. Under the facts of Gimpel's case, he would receive additional levels for the following: (1) two levels for § 2G2.2(b)(1), material involving prepubescent minors; (2) five levels for § 2G2.2(b)(2)(B) distribution for the receipt, or expectation of receipt of a thing of value, but not for pecuniary gain; (3) two levels for § 2G2.2(b)(5), use of a computer; and (5) two levels for having at least 10, but less than 150, images of known child victims. Applying these adjustments, Mr. Gimpel's base offense level totals 28. Since Mr. Gimpel's Criminal History Category is I, when he is given credit for acceptance of responsibility, the sentencing range for level 25 is 57-71 months. Notably, 62 months is above the 60 months Congress mandates as the minimum period of incarceration for this crime. 18 U.S.C.A. § 2252(b)(1).

The sentence of 62 months is appropriate because of the nature of Mr. Gimpel's crime. Mr. Gimpel was a promoter and distributer of child pornography in such a way as to contribute to

4

overall supply and demand. His criminal trade-craft involved setting up a file server on an Internet Relay Chat (IRC) channel, which is easily accessible to any person operating a web browser and internet connection. Mr. Gimpel operated his service to automatically distribute and collect an effectively limitless number of pornographic images of children in short periods of time. No attempt was made to require users to identify themselves to, for example, determine minors did not have access to the site. Worse, he had programmed into the IRC channel criteria that favored users who reciprocated by uploading additional images. In short, Mr. Gimpel had put in place infrastructure capable of being the clearinghouse of a great number of illicit images to any number of participants.

Trafficking in child pornography is not a victimless crime.[1] As the Senate reported, "the use of children...as the subjects of pornographic materials is very harmful to both the children

---

[1] Victims, however, are often difficult to ascertain and locate. In this investigation, the Assistant U.S. Attorney contacted the Federal Bureau of Investigation to determine whether any of the 17 minors depicted in the 42 images in this case have been notified of their rights under the Act and whether they wish to be notified of cases involving their images. Most of the victims depicted on images on Mr. Gimpel's computer are not United States citizens. Of the remaining images, attempts have been made to contact them. One victim waived their rights under the Act.

Furthermore, because images can be so widely distributed, child pornography cases create special difficulties because the few children who have previously been rescued and identified by law enforcement form the basis for most Federal prosecutions. In order to avoid the risk of re-traumatizing victims if they are contacted by each district in every one of these cases (for some victims in the most collected series of child pornography images, this could result in hundreds of notifications each year), the Department of Justice is currently working with law enforcement agencies to develop a system for nationwide use that will contain information showing whether a victim or his/her parent or guardian has been notified of his or her rights under the Act and whether he or she wishes to be notified of cases involving his or her images. The system will be used to store victim impact statements of those victims who wish to provide them for use in sentencing proceedings. The Department currently anticipates that this system will be operational by January 2006. We believe the procedures that we used in this case satisfy our best efforts obligation under the Act.

and the society as a whole." S. Rep. 95-438, S. Rep. No. 438, 95TH Cong., 1ST Sess. 1977. Each child whose image the defendant traded, collected, viewed and stored on his computer was a child subjected to lewd conduct for the sexual gratification of others. Those images are taken not just because they satisfy the interests of the photographers, but because of a demand generated across the country – a demand that Congress sought to depress by criminalizing the distribution of child pornography under 18 U.S.C. § 2250. See id..

Furthermore, the special conditions of Mr. Gimpel's supervision are warranted in light of the threat he poses to children, a protected class of persons. While the Fourth Amendment protects against unreasonable searches and seizures that violate privacy rights that society recognizes are reasonable, it has no bearing where society would recognize those rights as unreasonable or illegitimate. Rakas v. Illinois, 439 U.S. 128, 143-44 (1978). Mr. Gimpel has no privacy interest society is prepared to recognize as legitimate in distributing pornographic images of children. Moreover, the Constitution allows for diminished privacy rights when the safety and well-being of certain protected classes of persons, like children, are at issue. E.g. Board of Education v. Earls, 536 U.S. 822 (2002)(upholding drug testing of students participating in extra-curricular activities); New Jersey v. T.L.O., 469 U.S. 325 (1985)(upholding search of student's purse by school authorities). The intrusions into Mr. Gimpel's privacy set by the conditions of his supervision are reasonable intrusions to protect children from sexual exploitation.

Conclusion

Fore the foregoing reasons, the agreed-upon sentence of 62 months incarceration is near the midpoint of the relevant sentencing range as set forth in the U.S.S.G. and complies with the required statutory minimum of 60 months incarceration. It is an appropriate sentence in light of

the real harm sexually lewd conduct inflicts upon child subjects, as recognized by Congress. Finally, the special conditions of Mr. Gimpel's supervision are reasonable and calculated to protect children from exploitation.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451058

By: _____
HEIDI M. PASICHOW
Assistant United States Attorney
D.C. Bar Number 370686
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7533
Heidi.Pasichow@usdoj.gov

_____
SARA L. GOTTOVI
Trial Attorney
Child Exploitation and Obscenity Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 305-4133

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing document has filed electronically and sent to counsel for defendant, Lara Quint, Assistant Federal Public Defender, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, on this 10th day of November, 2005.

_____
HEIDI M. PASICHOW
Assistant United States Attorney