# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

Zachary John Nielson Gimpel

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 05-258

**FILED**

Lara Quint
Defendant's Attorney

JAN 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Pleaded guilty to Count 1 on August 16, 2005.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 18 USC 2252(a)(1) | Sexual Exploitation of Minors Through the Knowing Transportation of Visual Depictions of Sexually Explicit Conduct Using Minors in Interstate Commerce by Means of a Computer | 4/30/04 | 1 |

As pronounced on January 6, 2006, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the 11TH day of JANUARY, 2006.

The Honorable Emmet G. Sullivan

Defendant's Soc. Sec. No.: XXX-XX-5605
Defendant's Date of Birth: XX-XX-82
Defendant's USM No.: 04630-036
Defendant's Residence and Mailing Address:

Defendant: Zachary John Nielson Gimpel                    Judgment - Page 2 of 4
Case Number: 05-258

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 62 Months as to the One Count Information.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve his sentence in the Federal Medical Center located in Massachusetts.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
        Deputy Marshal

Defendant: Zachary John Nielson Gimpel                                       Judgment - Page 3 of 4
Case Number: 05-258

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for the remainder of his natural life as to the One Count Information.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.      The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.
If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

1.      You will not leave the judicial district without permission of the Court or probation officer.
2.      You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3.      You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4.      You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5.      You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6.      You will notify the probation officer at least ten days prior to any change of residence or employment.
7.      You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8.      You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9.      You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10.     You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11.     You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12.     As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13.     You will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITIONS:
Should the defendant plan to publish and Writings, they shall be reviewed by the Probation Office first.
This Court shall retain jurisdiction.
There shall be Periodic Reviews twice yearly to determine if Supervised Release is necessary.
The defendant shall forfeit to the United States his interest in the following  property:
All property seized from 42 Winter Street, Waterville, Maine on 5/27/04;
All computer equipment, video tapes, computer storage media, printers, monitors, photographs, books, and computer files that were used in the distribution, receipt, or possession of child pornography;
Any computers, computer associated storage media, and telephones in the possession of his family if contraband is found therein.
**DNA Sample Requirement**-  Pursuant to 42 USC 14135a, the defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

SEE THE ATTACHED 2 PAGES FOR ADDITIONAL CONDITIONS

**GIMPEL, Zachary**

**Computer Search** - You shall submit to periodic unannounced examinations of his computer by the probation office and/or authorized probation service representative, which may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection. You shall allow installation of any hardware or software systems to monitor his computer use and shall pay for the cost of such monitoring equipment.

**Computer Restriction** - You shall not possess, or use, any data encryption technique or program and shall refrain from accessing, via computer, any material that relates to the activity in which You was engaged when committing the instant offense. You shall maintain a daily log of all addresses accessed by way of any computer, other than those authorized for employment, and he shall make the log available to the Probation office for review. You shall consent to third party disclosure to any employer or potential employer, concerning any computer related restrictions that are imposed upon you.

**Employment Restriction** - You shall be restricted from engaging in employment, consulting, or association in any contact with children as a profession for the duration of his supervision.

**Sex Offender Treatment** - You shall cooperatively participate in a mental health program specifically related to sexual offender therapy, as approved by the probation office. You shall abide by all program rules, requirements and conditions, which may include, but is not limited to, submission to periodic and random polygraph testing, plethysmograph examinations, and ABEL Assessment, as directed by the Probation office.

**Association Restriction** - You shall not associate with any known sex offender.

**Computer/Internet Access Restriction** - You shall not possess or use a computer that has access to any "on-line computer service" at any location, including his place of employment, without the prior written approval of the probation pffice. "On-line computer service" includes, but is not limited to, any Internet service provider, bulletin board system, or any other public or private computer network.

**Contact Restriction** - You shall have no direct, or indirect, contact with children, age 18 or younger, and shall refrain from loitering in any place where children congregate, including but not limited to residences, arcades, parks, playgrounds, and schools. You shall not reside with a child or children under the age of 18 without the expressed and written approval of the minor's legal guardian and the written permission of the Court.

**Employment Restriction** - You shall not be employed in any capacity or participate in any volunteer activity that involves contact with minors except under circumstances approved in advance and in writing by the Court.



**Paraphernalia Restriction** - You shall not possess any pornographic, sexually oriented, or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, and/or computer programs or services that are relevant to your offense conduct or behavioral pattern relating to child pornography. You shall not patronize any place where pornography or erotica can be accessed, obtained, or viewed, including establishments where sexual entertainment is available.

**Sex Offender Registration** - You shall comply with the Sex Offender Registration requirements for convicted sex offenders for a minimum of 10 years in any state or jurisdiction where you reside, are employed, carry on a vocation, or are a student.

**Sex Offender - Telephone Restriction** - You shall not utilize "900" adult telephone numbers or any other sexually related telephone numbers and shall confirm compliance through submission of personal/business telephone records.

**Sex Offender - Video/Camera Restriction** - You may not own or possess any type of camera or video recording device without the approval of the probation office.

Defendant: Zachary John Nielson Gimpel                                    Judgment - Page 4 of 4
Case Number: 05-258

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $0.00 | $0.00 |

### ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00 for Count(s) 1, which shall be due during the period of Supervised Release.

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.